TCC:st: 121401

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DANIEL HEFFERNAN and LINDSEY IBERL,

             Plaintiffs,

vs.                          No.

CITY of CHICAGO, Municipal Corporation
and Body Politic, OFFICER SERGIO CORONA
#3331, OFFICER GARY FREAR # 16852 and
other as yet unidentified officers,

             Defendants.          JURY DEMANDED

## COMPLAINT

The Plaintiffs, Daniel Heffernan and Lindsey Iberl, by and through their attorney, Thomas C. Crooks, complain of the defendants as follows:

1.      This action seeks damages under federal law, pursuant to 42 U. S.C. § 1983, for acts in violation of Plaintiff s rights under the Fourteenth and Fourth Amendments to the United States Constitution. This action also seeks damages under Illinois law for false arrest, false imprisonment and malicious prosecution.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and this Court's supplemental jurisdiction. Venue in this district is predicated on 28 U.S.C. Section 1391 (b).

## PARTIES AND FACTS
## COMMON TO ALL COUNTS

3.      At all times material hereto plaintiff Daniel Heffernan was a resident of the City of Chicago, County of Cook, State of Illinois, and entitled to be free from false arrest and malicious

conduct by police officers.

4.    At all times material hereto plaintiff Lindsey Iberl was a resident of the City of Chicago, County of Cook, State of Illinois, and entitled to be free from malicious conduct by police officers.

5.    The City of Chicago is a duly constituted municipal corporation and body politic, located in Cook County, Illinois.

6.    Officer Sergio Corona, # 3331, is a sworn law enforcement officer employed by the City of Chicago as a police officer.  At all times material hereto Officer Corona was acting under color of state law and in his capacity as a Chicago police officer.  He is sued individually.

7.    Officer Gary Frear, # 16852, is a sworn law enforcement officer employed by the City of Chicago as a police officer.  At all times material hereto Officer Frear was acting under color of state law and in his capacity as a Chicago police officer.  He is sued individually.

8.    On or about September 12, 2010, at mid-day, plaintiffs were in their home at 1620 N. Bosworth Avenue, Apt. #1 in the City of Chicago.

9.    At said time and place defendants Corona and Frear, along with other as yet unidentified Chicago Police Officers, entered plaintiffs' home by force, purportedly pursuant to a search warrant.

10.    Defendants found nothing in plaintiffs' home which was described in the search warrant under which defendants claimed to be searching.  Defendants found no illegal contraband or evidence of a crime during their search.

11.    During the search of plaintiffs' home an as yet unidentified police officer conducted a body cavity search on Isberl, at the direction of Corona.

12.     During the search defendants emptied the contents of drawers, closets and shelves onto the floor and as a result, damaged property and left the household in a cluttered mess.

13.     Following the search Defendants placed Heffernan under arrest and took him into custody.

14.     Corona signed a complaint charging Heffernan with the manufacture and delivery of Ectasy, in violation of 720 ILCS 570/401-F.

<u>COUNT I- UNLAWFUL SEARCH OF RESIDENCE</u>

1 - 14.  Plaintiff incorporates by reference ¶¶ 1 through 14 as if fully set forth here.

15.     Upon information and belief, Corona submitted an affidavit in support of his request for a search warrant which contained statements which were necessary for a finding of probable cause and Corona knew the statements to be false.

16.     No probable cause existed for the search of plaintiffs' residence.  The search of the residence went well beyond the parameters of the search warrant.

17.     Defendants violated plaintiffs' Fourth and Fourteenth Amendment right under the United States Constitution to be free from unreasonable searches.

18.     As a direct and proximate result of defendants' violations of plaintiffs' Fourth and Fourteenth Amendment rights, plaintiffs endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment.

19.     At all relevant times, defendants' actions were willful, wanton, intentional and malicious.  Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, plaintiffs prays for judgment in their favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages, reasonable

attorney's fees and costs.

## COUNT II – UNLAWFUL SEIZURE OF HEFFERNAN

1-14.    Plaintiff incorporates by reference ¶¶ 1 through 14 as if fully set forth here.

15.    No probable cause existed for the arrest of Heffernan and, as a result, Heffernan's rights under the U.S. Constitution were violated.

16.    As a direct and proximate result of the false arrest of Heffernan, as described above, Heffernan endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment.

17.    At all relevant times, defendants' actions were willful, wanton, intentional and malicious.  Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, Heffernan prays for judgment in his favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, reasonable attorney's fees and costs.

## COUNT III - FALSE ARREST—State Law

1-14.    Plaintiff incorporates by reference ¶¶ 1 through 14 as if fully set forth here.

15.    No probable cause existed for the arrest of Heffernan.

16.    As a direct and proximate result of the false arrest of Heffernan, as described above, Heffernan endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment.

17.    At all relevant times, defendants' actions were willful, wanton, intentional and malicious.  Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, Heffernan prays for judgment in his favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, fees and costs.

<u>COUNT IV - FALSE IMPRISONMENT</u>

1-14.    Plaintiff incorporates by reference ¶¶ 1 through 14 as if fully set forth here.

15.    Following his arrest, Heffernan was held in custody for a period of two days without a lawful basis and in violation of Heffernan's rights under the U.S. Constitution.

16.    As a direct and proximate result of the false imprisonment, Heffernan endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment.

17.    At all relevant times, defendants' actions were willful, wanton, intentional and malicious.  Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, Heffernan prays for judgment in his favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, reasonable attorney's fees and costs.

<u>COUNT V - FALSE IMPRISONMENT–State Law</u>

1-14.    Plaintiff incorporates by reference ¶¶ 1 through 14 as if fully set forth here.

15.    Following his arrest, Heffernan was held in custody for a period of two days without a lawful basis.

16.    As a direct and proximate result of the false imprisonment, Heffernan endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment.

17.    At all relevant times, defendants' actions were willful, wanton, intentional and malicious.  Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, Heffernan prays for judgment in his favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages and costs.

## COUNT VI - UNLAWFUL SEARCH OF IBERL

1 - 14.	Plaintiff incorporates by reference ¶¶ 1 through 14 as if fully set forth here.

15.	No probable cause existed for the body cavity search of Iberl.

16.	Defendants violated Iberl's Fourth and Fourteenth Amendment right under the United States Constitution to be free from unreasonable searches.

17.	As a direct and proximate result of defendants' violations of Iberl's Fourth and Fourteenth Amendment rights, plaintiffs endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment.

18.	At all relevant times, defendants' actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, Iberl prays for judgment in her favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages, reasonable attorney's fees and costs.

## COUNT VII–MALICIOUS PROSECUTION—State Law

1-14.	Plaintiff incorporates by reference paragraphs 1 through 14 as if fully set forth here.

15.	Immediately following Heffernan's arrest, as described above, defendants prepared false police reports, alleging that Heffernan had possessed Ecstacy, in an attempt to justify Heffernan's arrest. Corona prepared and signed a Felony complaint falsely charging Heffernan with manufacture and delivery of Ectasy.

16.	On October 5, 2010, at Heffernan's preliminary hearing, the charges against Heffernan were dismissed by the court for lack of probable cause, in a manner indicative of Heffernan's innocence.

17.	As a direct and proximate result of the malicious prosecution, Heffernan endured two

6

days in custody, pain, suffering, mental anguish, emotional distress, humiliation and embarrassment.

18.     At all relevant times, defendants' actions were willful, wanton, intentional and malicious.   Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, Heffernan prays for judgment in his favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages and costs.

COUNT VIII–745 ILCS 10/9-102–State Law

1-14.   Plaintiff incorporates by reference Counts I through VII as if fully set forth here.

15.     At all relevant times hereto there existed a certain Illinois statute, to wit, 745 ILCS 10/9-102, which stated in pertinent part:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

16.     The defendant City of Chicago is required by Illinois law to pay any judgment entered against the defendant officers.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant City of Chicago in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, reasonable attorney's fees and costs.

s/Thomas C. Crooks_____
Thomas C. Crooks, Attorney for the Plaintiff

RULE 38 JURY DEMAND

Pursuant to Rule 38 the Plaintiffs demand trial by jury for all claims triable by jury.

Thomas C. Crooks
Three First National Plaza
Suite 1950
Chicago, Illinois 60602
Telephone: 312-641-2260
Facsimile: 312-641-5220