**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|                                          |     |                              |
| ---------------------------------------- | --- | ---------------------------- |
| DANIEL HEFFERNAN and LINDSEY IBERL,      | )   |                              |
|                                          | )   | Case No. 10 C 7564           |
| Plaintiffs,                              | )   |                              |
|                                          | )   |                              |
| v.                                       | )   | Judge Lefkow                 |
|                                          | )   | Magistrate Judge Cole        |
| CITY OF CHICAGO, et al., Defendants.     | )   |                              |

<u>**NOTICE OF FILING**</u>

**TO:**  **Thomas C. Crooks**
**Three First National Plaza, Suite 1950**
**Chicago, IL 60602**

     **PLEASE TAKE NOTICE** that I have this day filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER.**

     **DATED** at Chicago, Illinois this 8th day of June, 2012.

                Respectfully submitted,

                 <u>/S/ GERI LYNN YANOW</u>
                GERI LYNN YANOW
                Senior Counsel

30 N LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-2837
(312) 744-6566 (FAX)
ATTY. NO. 06198618

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL HEFFERNAN and LINDSEY IBERL, | ) | |
| | ) | No.    10 C 7564 |
| Plaintiff, | ) | |
| | ) | JUDGE LEFKOW |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE COLE |
| CITY OF CHICAGO, Municipal Corporation and | ) | |
| Body Politic, OFFICER SERGIO CORONA | ) | |
| #3331, OFFICER GARY FREAR # 16852, | ) | |
| OFFICER P.R. HEYDEN, II, #13461, OFFICER | ) | |
| G.H. SOBIERAJ #16479, OFFICER J.J. | ) | |
| SCHACHELMAYER #1934, OFFICER R.J. | ) | |
| RETNER #2052, OFFICER T.J. DUGGAN, | ) | |
| #4607, OFFICER JULIE A. BUTZEN #8582 | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR**
**MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Defendants City of Chicago ("City"), Officer Sergio Corona, Officer Gary Frear, Officer

Paul Hayden II, Officer Greg Sobieraj, Sergeant Joseph Schachelmayer, Sergeant Robert Renter,

Officer Timothy Duggan and Officer Julie Butzen (collectively, "Defendants"), by their attorney,

Geri Lynn Yanow, Senior Counsel for the City of Chicago, and, in support of their motion for

entry of a Protective Order, submit this memorandum and respectfully request this Honorable

Court conduct an *in camera ex parte* hearing in support of their claim that a witness' life may be

endangered by disclosure of his identity.   In support, Defendants state:

### INTRODUCTION

In the months since the Court first considered Plaintiffs' motion to compel Defendants to

disclose the "John Doe" informant who was named in the warrant Officer Corona secured for the

search of Plaintiffs' residence, there have been many developments regarding this informant.

When the underlying search in this case occurred (September 12, 2010), Officer Corona and his team (Unit 315), had just begun working with this informant, but, shortly thereafter, in October, 2010, "John Doe" became a Registered Confidential Informant ("RCI"), and is presently a critical source of information in several major ongoing narcotics investigations. *See* Affidavit of Thomas P. Waldera.[1] Therefore, Defendants respectfully request that the Court amend its previous ruling and conduct an *ex parte in camera* hearing to protect the now RCI and to allow the Chicago Police Department to carry out its ongoing criminal investigations .

## BACKGROUND

On November 16, 2011, the Court granted Plaintiffs' motion to compel and ordered Defendants to identify and produce for deposition the "John Doe" informant named in the warrant secured for the search of Plaintiffs' residence. Docket ("Dkt.") at 53. In so doing, the Court advised that a more detailed written opinion designed to summarize the "extensive colloquy" which occurred on November 16 would be forthcoming, and the opinion was issued on January 24, 2012. Dkt. at 62 (hereinafter, "Memorandum"). This opinion took Officer Corona to task for what the Court concluded was a "purposeful effort to hoodwink the judge" in securing the aforementioned warrant. *Id*. at pg. 4. Based on this assessment, the Court rejected Defendants' invocation of the Confidential Informant privilege to prevent disclosure of the witness, saying it "should vanish." *Id*. at p. 5.

But the Court recognized that "the deposition of the informant should be taken under circumstances that will provide a sufficient measure of confidentiality." Id. Thus, the

---

[1] As per the instructions of this Court, the undersigned will not file the affidavit but will deliver an 'unredacted'and 'redacted' copy to Chambers along with a courtesy copy of this motion. The undersigned will also deliver a 'redacted copy' of the affidavit to Plaintiffs' counsel as instructed.

informant's identity was to be provided on an attorney's eyes only basis, and Plaintiff Heffernan would not be allowed to attend the deposition or read any transcripts without first receiving leave of the Court. *Id*. at 5-6.

In the month following the execution of the warrant issued for Plaintiffs' residence, the status of this informant changed. from a "John Doe," as he was on September 12, 2010 when the warrant was executed on Plaintiffs' residence, to a Registered Confidential Informant ("RCI"). See Affidavit of Thomas P. Waldera. As part of this role, he is now a key informant for several ongoing major narcotics investigations. *Id*. Because of the sensitivity of the information he possesses, all Defendants respectfully ask this Court to reconsider and modify its previous order.

## ARGUMENT

As explained – admittedly in limited detail – above, the informant who Defendants have been compelled to produce, is currently working with the CPD on several major narcotics investigations. Given these developments, Defendants must object to producing this informant for a deposition pursuant to the Law Enforcement investigatory privilege. Furthermore, Defendants believe the Confidential Informant privilege should still apply to this informant, and respectfully ask the Court to reconsider its previous ruling in light of these circumstances.

1. **Defendants Should Not Be Compelled to Produce an Informant to Active Criminal Investigations, Pursuant to the Law Enforcement Investigatory Privilege.**

The Law Enforcement Investigatory privilege prohibits the dissemination of evidence and testimony relating to on-going police investigations. *U.S. v. Delatorre*, 438 F.Supp.2d 892, 901 (N.D. Ill. 2006), *citing Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1126 (7th Cir.

1997). This privilege serves to protect those investigations from the harms that might arise from public disclosure. *See Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D. Ill. 1997); *Hernandez v. Longini*, 1997 WL 754041, *3 (N.D. Ill.), *citing Black v. Sheraton Corp*, 564 F.2d 531, 541 (D.C. Cir. 1977). Among other things, the purpose of the privilege is to preserve the confidentiality of sources, protect witnesses and law enforcement personnel, safeguard the privacy of the individuals involved in the investigation and otherwise prevent interference with the investigation. *Hernandez*, 1997 WL 754041, 3, *citing In re Dept. Of Investigation of City of New York*, 856 F.3d 481, 485 (2nd Cir. 1988).

Though this privilege is not absolute, the Seventh Circuit has advised "that there ought to be a pretty strong presumption against lifting the privilege" when the investigation is open and on-going. *Dellwood Farms*, 128 F.3d at 1126, *citing Black*, 546 F.3d at 545-47. It falls to the discretion of the district court as to whether to apply the privilege, and the court must balance the need of the litigant seeking the information versus the harm to the government if the information is disclosed. *Id.*

In the instant case, the needs of the Defendants greatly outweigh those of Plaintiffs. First, and most importantly, there are open, on-going criminal investigations in which this RCI plays a key role. Therefore, the CPD cannot disclose the identity of this individual without seriously prejudicing the integrity of its investigations. The *Dellwood Farms* court addressed an issue that is a very real consequence to disseminating evidence of an ongoing investigation – a government "should not be forced to tip its hand" to criminal suspects and defendants by disclosing the fruits of the investigations that the government is conducting. 128 F.3d at 1125.

Defendants recognized this Court previously ordered that Heffernan could not attend the deposition of this witness, and that any documentation revealing his identity would be on an attorney's eyes only basis. Memorandum at 6. However, given the gravity of the ongoing investigations, Defendants do not believe these protections are sufficient, and any accidental disclosure of this witness' identity likely would severely damage the ongoing investigations. *See* Affidavit of Thomas P. Waldera; *see also Hill* v. *City of Chicago*, 2011 WL 320204 at *2 (N.D. Ill. Jan. 31, 2011) (St. Eve, J.), *citing In re City of New York*, 607 F.3d 923, 935 (2nd Cir. 2010).

### 2. The Gravity and Importance of the Ongoing Investigations Should Permit Defendants to Re-invoke the Confidential Informant Privilege.

In its decision granting Plaintiffs' motion to compel Defendants' to produce the now RCI here, this Court rejected Defendants' invocation of the Confidential Informant privilege based on its conclusion that Officer Corona had not been entirely truthful in obtaining the underlying warrant in this case. Memorandum at 4-5. However, as explained in the attached affidavit, that information was not complete. At the time of the execution of the warrant in this matter (September 12, 2010), the informant was a "John Doe" and had been used by Unit 315 (the unit of the police defendants in this matter) in a very limited capacity. *See* Affidavit of Thomas P. Waldera.

When this RCI was registered in October of 2010 (one month after the warrant was executed on Plaintiffs' residence), he had been used by Unit 315 a total of 4 times and the warrants resulting from his information produced positive results in each case. *Id.* Since August of 2011, this RCI has been a vital source of intelligence, providing information which resulted in 19 search warrants, 17 of which resulted in positive results, and resulted in

approximately 15 convictions. *Id.* This RCI continues to supply information to Unit 315 concerning several major ongoing criminal investigations and, in order to maintain and continue this working relationship, Defendants should be allowed to apply the Confidential Informant privilege.

To overcome this privilege, the court must evaluate "whether the party opposing the privilege has a credible need for the information" that is "a need greater than the important policy consideration underlying the privilege." *Dole v. Local 1942, Int'l Brotherhood of Elect. Workers, AFL-CIO*, 870 F.2d 368, 373 (7th Cir. 1989). Thus, the party seeking disclosure must "establish a genuine need" for it. *U.S. v. Spears*, 965 F.2d 262, 273 (7th Cir. 1992). The privilege cannot "yield to permit a mere fishing expedition, nor upon bare speculation that the information may prove to be useful." *Guzman v. City of Chicago*, 242 F.RD. 443, 447 (N.D. Ill. 2007), *quoting Dole*, 870 F.2d at 373. Instead, it must be shown that identification of the informant "is essential to a balanced measure of the issues and the fair administration of justice." *Id.* Furthermore, the nature of these ongoing criminal investigations are such that there is a genuine need to protect the identify of the RCI, for his own protection and also for the protection of his family. *See* Affidavit of Thomas P. Waldera.

Plaintiffs claim that deposing this witness is necessary for them to have "fair opportunity to prosecute their case." Motion at p. 7. However, this claim is premised on a purported lack of reliability, both of the then John Doe, (now RCI) and Officer Corona. As the attached affidavit indicates, this RCI's reliability has been proven, both when he was a John Doe on September 12, 2010 and continuing to date. He became a RCI in October, 2010 based on this reliablility and on the positive results of his information. Thus, this RCI has earned the protection of the

Confidential Informant privilege. Beyond the issue of reliability, this RCI has earned the protection of his identify and the protection of himself and his family. *Id.*

### 3. Other Courts have Allowed *Ex Parte In Camera* Hearings

As this Court instructed, the undersigned reviewed cases which have allowed *ex parte in camera* hearings similar to the one proposed by Defendants. In the matter of *Ortiz v. City of Chicago*, 04 C 7423, Judge Grady held two such hearings. On October 30, 2008, Judge Grady entered an Agreed Order on Motion To Compel John Doe Discovery (*see* Dkt. 350)[2]. That Order allowed a *in camera* review of all CPD documents relating to John Doe; allowed an *in camera* examination of John Doe to confirm his/her existence and to confirm that the John Doe provided information to the defendants in the *Ortiz* matter. On the November 19, 2008, status hearing before Judge Grady, he continued the case in order to interview John Doe and asked Plaintiff to submit questions to the court to ask John Doe. *See* Dkt. 352.[3] Judge Grady interviewed John Doe under oath on January 7, 2009 and indicated that there would be an additional *ex parte in camera* interview so that the Court could ask some additional questions. *See* Dkt. 356. Then, on March 25, 2009, Judge Grady issued a minute order which indicated that he had held the *ex parte in camera* interview of the confidential informant and ruled that Plaintiffs would "not be permitted to take further discovery relating to the confidential informant." *See* Dkt. 359.

---

[2] A copy of the Order is attached to the courtesy copy and to the copy delivered to Plaintiffs' counsel.

[3] A copy of all cited Minute Orders for *Ortiz v. City*, 04 C 7423, are attached to the courtesy copy and to the copy delivered to Plaintiffs' counsel.

Most recently, in the matter of *Hill v. City*, 06 C 6772, Judge St. Eve, in response to a motion to compel, held an *ex parte in camera* hearing on January 28, 2011. As a result of that hearing, Judge St. Eve denied Plaintiffs' motion without prejudice. *See* Dkt. 409.[4] Plaintiff in *Hill* then renewed his motion to compel and Judge St. Eve held another *ex parte in camera* hearing about the matter on August 30, 2011, and once again denied Plaintiff's renewed motion to compel. *See* Dkt. 606.

Defendants believe an *ex parte in camera* hearing should be conducted here. There is no prejudice to Plaintiffs as a result. Defendants have no objection to Plaintiffs' submitting questions to this Court to be asked of this now RCI in an *ex parte in camera* hearing, as Judge Grady allowed in the *Ortiz* matter.

---

[4] A copy of all Minute Orders for *Hill v. City* are attached to the courtesy copy and to the copy delivered to plaintiffs' counsel.

## CONCLUSION

Wherefore, for all the reasons stated above and in their motion for a Protective Order and in their oral presentations before this Court, Defendants City of Chicago, Officer Sergio Corona, Officer Gary Frear, Officer Paul Hayden II, Officer Greg Sobieraj, Sergeant Joseph Schachelmayer, Sergeant Robert Renter, Officer Timothy Duggan and Officer Julie Butzen, respectfully request that this Court amend its previous ruling and conduct an *ex parte in camera* hearing to protect this RCI and to allow the Chicago Police Department to carry out its ongoing criminal investigations.

Respectfully submitted,

/S/ GERI LYNN YANOW
GERI LYNN YANOW
Senior Counsel

30 N LaSalle Street / Suite 900
Chicago, Illinois 60602
(312) 744-2837
(312) 744-6566 (FAX)
ATTY. NO. 06198618

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that I have caused true and correct copies of the above and foregoing **CITY OF CHICAGO, OFFICER SERGIO CORONA, OFFICER GARY FREAR, OFFICER PAUL HAYDEN II, OFFICER GREG SOBIERAJ, SERGEANT JOSEPH SCHACHELMAYER, SERGEANT ROBERT RENTNER, OFFICER TIMOTHY DUGGAN AND OFFICER JULIE A. BUTZEN'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER** to be hand delivered to the person named herein on the 8th day of June, 2012.

                             /S/ GERI LYNN YANOW
                             GERI LYNN YANOW