IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DANIEL HEFFERNAN and LINDSEY IBERL,

          Plaintiffs,

      vs.                          No. 10 C 07564

CITY of CHICAGO, Municipal Corporation
and Body Politic, OFFICER SERGIO CORONA      Honorable Joan H. Lefkow
#3331, OFFICER GARY FREAR # 16852,
OFFICER P.R. HEYDEN, II #13461, OFFICER     Magistrate Judge Cole
G.H. SOBIERAJ #16479, OFFICER J.J.
SCHACHELMAYER #1934, OFFICER R.J.
RENTNER #2052 and OFFICER T.J. DUGGAN
#4607,

          Defendants.

## MOTION FOR RULE TO SHOW CAUSE AND TO COMPEL DOCUMENTS

Now come the plaintiffs, Daniel Heffernan and Lindsey Iberl, by and through their attorney,

Thomas C. Crooks, and in support of their Motion for Rule to Show Cause and to Compel

Documents, states as follows:

1.      On September 2, 2011, plaintiffs filed their Motion to Compel, seeking the identity of

the Confidential Informant for the purpose of taking his deposition and the Confidential Informant's

file maintained by the Chicago Police Department.  (See attached Exhibit A).  The motion was

referred by the District Court to the Honorable Magistrate Judge Cole.

2.      On November 16, 2011, Magistrate Judge Cole entered an order granting plaintiffs'

Motion to Compel.  On January 24, 2012, Judge Cole entered a Memorandum Opinion and Order

granting plaintiffs' Motion to Compel (attached as Exhibit B).  In the Memorandum Opinion and

Order, the court discussed at length the fact that defendant Corona in this case had falsified

information in the Confidential Informant's file by not including searches which resulted in no

contraband being discovered.  The court specifically acknowledged that "The plaintiff has moved for

1

an order compelling the defendants to produce the RCI file and reveal the identity of the informant in order to compare the information in the file with the defendants' statements." (Exhibit B, p. 2). In granting plaintiffs' Motion to Compel, the court directed the parties to file a proposed Protective Order covering not only the identity of the Confidential Informant, but, "…any disclosures of documents regarding Doe's identity in prior involvements as an informant for Corona or any other Chicago police officer." (Exhibit B, p. 6)

3.      On February 27, 2012, the court entered an Agreed Protective Order which stated in pertinent part: "On November 16, 2011, Magistrate Judge Cole ordered defendants to (a) identify, and produce for deposition, the Confidential Informant that provided the basis for the issuance of the search warrant in this case; and, (b) produce the RCI file relative to the Confidential Informant." (See attached Exhibit C). The order required that all documents produced and the deposition transcript of the Confidential Informant's testimony shall be "For Attorney's Eyes Only."

4.      Defendants sought to vacate this court's prior orders, and the agreed order of February 27, 2012, with the filing of their Motion for Entry of Protective Order on April 26, 2012 and Memorandum in support of their motion on June 8, 2012 (attached as Exhibit D and E). This attempt was denied on August 17, 2012 (attached Exhibit F).

5.      After a number of delays, the deposition of the Confidential Informant was finally scheduled for September 28, 2012. On September 26, 2012, plaintiffs' counsel inquired of defense counsel, Meghan McGrath, as to when he would be provided the RCI file. Ms. McGrath referred to her co-counsel, Geri Yanow. On September 27, 2012, Ms. Yanow stated in no uncertain terms that they would not be producing the RCI file. Counsel stated that plaintiffs' counsel, "*Had better proceed*" with the deposition of the Confidential Informant as scheduled, implying that if counsel did not proceed with the deposition on September 28, 2012, that rescheduling of the deposition may be

2

difficult.  In light of the trial date of November 12, 2012, plaintiffs' counsel proceeded with the deposition without the RCI file in his possession.

Wherefore, plaintiffs pray for an order as follows:

A.      Ordering the defendants to show cause, if any they can, why they should not be held in contempt of court for their refusal to comply with this court's orders requiring the production of the RCI file;

B.      Ordering the defendants to immediately produce the RCI file to plaintiffs' counsel under the provisions of the Protective Order already in place;

C.      That after plaintiffs' counsel has reviewed the RCI file, at his discretion, produce the Confidential Informant for a second deposition for questioning regarding the contents of the RCI file;

D.      That plaintiffs' counsel be awarded his costs and attorney's fees associated with this Motion;

E.      For such further relief as this court deems just.

Respectfully submitted,


s/Thomas C. Crooks
Thomas C. Crooks, Attorney for Plaintiff


Thomas C. Crooks
Three First National Plaza
Suite 1950
Chicago, Illinois 60602
Telephone: 312-641-2260
Facsimile: 312-641-5220
tcrooks@barristers.com